UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY P. DEMARTINI; MARGIE DEMARTINI, | Nos. 17-16400 |
| | 18-15882 |
| Plaintiffs-Appellees, | |
| | D.C. No. |
| v. | 2:14-cv-02722-JAM-CKD |
| | Eastern District of California, |
| | Sacramento |
| MICHAEL J. DEMARTINI; RENATE DEMARTINI, | |
| | ORDER |
| Defendants-Appellants. | |

Before:  O'SCANNLAIN and PAEZ, Circuit Judges, and SIMON,[*] District Judge.

The memorandum disposition filed in this case on July 6, 2020 is hereby amended.  An amended memorandum disposition is filed concurrently with this order.  With this amendment, the panel has voted unanimously to deny the petition for panel rehearing with respect to the July 6, 2020 memorandum disposition.

In addition, the panel has voted to deny the petition for panel rehearing and petition for rehearing en banc with respect to the panel's July 6, 2020 opinion.  The panel has voted unanimously to deny the petition for panel rehearing.  Judge Paez has voted to deny the petition for rehearing en banc, and Judge O'Scannlain and Judge Simon have so recommended.  The full court has been advised of the

---

[*] The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

petition for rehearing en banc, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petitions for panel rehearing and the petition for rehearing en banc are DENIED. No subsequent petitions for rehearing or rehearing en banc may be filed.

**FILED**

UNITED STATES COURT OF APPEALS

DEC 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIMOTHY P. DEMARTINI; MARGIE DEMARTINI,<br><br>           Plaintiffs-Appellees,<br><br>  v.<br><br>MICHAEL J. DEMARTINI; RENATE DEMARTINI,<br><br>           Defendants-Appellants. | Nos. 17-16400<br>      18-15882<br><br>D.C. No.<br>2:14-cv-02722-JAM-CKD<br><br>AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted December 11, 2019
Pasadena, California

Before: O'SCANNLAIN and PAEZ, Circuit Judges, and SIMON,[**] District Judge.

Michael and Renate DeMartini appeal from summary judgment on all three

of their counterclaims against Michael's brother, Timothy DeMartini, and his wife,

Margie. Michael and Renate also appeal from a jury verdict against them on

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Michael H. Simon, United States District Judge for the District of Oregon, sitting by designation.

Timothy and Margie's breach of contract claim.[1]  The facts of this case are known to the parties and we do not repeat them here.

I

Michael and Renate argue that the district court erred by granting summary judgment on each counterclaim.

A

The district court properly granted Timothy and Margie's motion for summary judgment on Michael and Renate's counterclaim for declaratory relief insofar as the counterclaim sought the declaration of a "global partnership."  While there is a genuine issue of material fact as to the scope of the oral partnership agreement allegedly formed by Michael and Timothy DeMartini in the 1970s, any such agreement was not one that would create what the district court termed a "global partnership" extending to the Coan Ranch, Maltman Drive, Dorsey East Main Street, and 625 Idaho Maryland Road properties and to the DeMartini Auto Sales, DeMartini RV Sales, and DeMartini Sunshine Body Shop businesses.  Fed. R. Civ. P. 56(a).  Michael and Renate failed to produce essential evidence that the profits from these properties and businesses were shared by the couples or that

---

[1] We address Michael and Renate's appeal from the order amending the complaint, severing the partnership dissolution claim, and remanding for resolution in state court in an opinion filed concurrently with this memorandum disposition. *See DeMartini v. DeMartini*, Nos. 17-16400 & 18-15882, – F.3d – (9th Cir. 2020).

Michael and Renate participated in the management of such properties and businesses. *See* Cal. Corp. Code § 16202 (defining partnership formation); *Greene v. Brooks*, 45 Cal. Rptr. 99, 102 (Dist. Ct. App. 1965) (same); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (establishing that the party with the burden of proof at trial must "make a showing sufficient to establish the existence of an element essential to that party's case" to survive summary judgment).

B

The district court erred, however, by granting Timothy and Margie's motion for summary judgment on Michael and Renate's counterclaim for breach of partnership. Failing to construe the pleadings of the pro se counterclaimants liberally, the district court asserted that the breach claim "was predicated on the existence of a global partnership agreement." Michael and Renate never used the term "global partnership." Their counterclaim asserts a breach of the alleged oral partnership established by the brothers in the 1970s. Although there is no genuine issue of material fact as to a partnership agreement comprising the full range of properties and businesses listed in Michael and Renate's counterclaim, Michael and Renate nonetheless produced evidence that the business managing and leasing commercial real estate at the 12759 parcel was a partnership between the two

3

couples.[2]  Specifically, they produced evidence that could show that the couples shared profits, participated in the management of the property, and held themselves out as a partnership when leading the property.  Such evidence is enough to create a question of fact as to the existence of a partnership.  *See Spier v. Lang*, 53 P.2d 138, 141 (Cal. 1935); *Holmes v. Lerner*, 88 Cal. Rptr. 2d 130, 138 (Ct. App. 1999); *Bank of Cal. v. Connolly*, 111 Cal. Rptr. 468, 477–78 (Ct. App. 1973).  Indeed, before the post-trial amendment of the district court order, the magistrate judge's Findings and Recommendations acknowledged that whether the 12759 parcel was held by a partnership was an open question of fact.[3]

A breach of partnership action is a species of the breach of contract action in which the partnership agreement is the contract.  *See Gherman v. Colburn*, 140 Cal. Rptr. 330, 342–43 (Ct. App. 1977).  The district court erred by concluding that Timothy and Margie did not breach the contract because "[t]here is no evidence of a contract with specific terms, i.e., majority vote required for the decisions."  In the absence of specific terms, partnership agreements conform to a series of default rules set forth by statute.  *See* Cal. Corp. Code § 16103(a).  The alleged breaches—actions taken by Timothy DeMartini without a majority vote—are either the sort of decisions

---

[2] "The 12759 parcel" refers to the properties located at 12759, 12757, and 12761 Loma Rica Drive, collectively.

[3] The magistrate judge erroneously referred to the purported partnership concerning the 12759 parcel as part of the partnership dissolution claim that had been separately remanded to state court.  That claim concerned only the 12731 parcel.

4

made "in the ordinary course of business" that require a majority vote under California's default rules or even the sort of extraordinary actions that require unanimity. *Id.* § 16401(j). Likewise, Michael and Renate assert breaches of fiduciary duties that partners also owe by default. *See id.* § 16404. Thus, there are genuine issues of fact material to Michael and Renate's breach of partnership claim, rendering summary judgment improper.

## C

The district court erred, in part, by granting Timothy and Margie's motion for summary judgment on Michael and Renate's defamation counterclaim. According to the district court, Michael and Renate "failed to create a triable issue of fact as to the elements of defamation, including the requirement to prove actual damages." However, Michael and Renate asserted both defamation per quod, for which actual damages must be proved, and defamation per se, for which damages may be assumed. *See Contento v. Mitchell*, 104 Cal. Rptr. 591, 592 (Ct. App. 1972); Judicial Council of California Civil Jury Instructions (2020), CACI No. 1704. Contrary to the district court, Michael and Renate's failure to create a triable issue of fact as to *actual* damages does not defeat a defamation per se claim.

Further, Michael and Renate identified evidence that creates a triable issue on the other elements of their defamation per se claim. Specifically, they allege that Timothy told a tenant that Michael embezzled $1600 of partnership funds, stole

Timothy's Social Security number, and impersonated Timothy. According to Michael's declaration, such statements were false and known to be false. In addition, the accusation of criminal conduct like embezzlement, theft, and false impersonation falls within the grounds for defamation per se set forth under California Civil Code section 46(1). *See Cunningham v. Simpson*, 461 P.2d 39, 42 (Cal. 1969); *Barnes-Hind, Inc. v. Superior Court*, 226 Cal. Rptr. 354, 358 (Ct. App. 1986) ("Perhaps the clearest example of [defamation] per se is an accusation of a crime.").

The remaining allegedly defamatory statements do not survive summary judgment, however, either because Michael and Renate failed to "support the assertion" of a genuine dispute as to such a statement's falsity, *see* Fed. R. Civ. P. 56(c)(1), or because the statements do not fit any of the enumerated grounds for defamation per se, *see* Cal. Civ. Code § 46(1)–(4). Accusations that Michael is a difficult partner, when made to a tenant who is not alleged to be a potential partner, do not "have a natural tendency to lessen the profits" of Michael's real estate or engineering businesses and are therefore not defamatory on their face. Cal. Civ. Code § 46(3); *Regalia v. The Nethercutt Collection*, 90 Cal. Rptr. 3d 882, 888 (Ct. App. 2009).

II

At the jury trial, the district court categorically excluded as irrelevant any evidence that the 12759 parcel was held in partnership on the assumption that the

6

summary judgment ruling settled the question of whether such a partnership existed. The district court also excluded evidence of what the couples owed each other for the joint management of the 12759 parcel because such evidence would require a complex equitable accounting and Michael and Renate's prayer for equitable accounting had been rejected as part of the summary judgment on the breach of partnership claim. In the absence of the erroneous grant of summary judgment, evidence that Timothy and Margie paid off the Westamerica loan with partnership assets would undoubtedly have been relevant to Michael and Renate's defenses on the breach of contract claim, including defenses of failure to mitigate damages and breach of fiduciary duty.

We reverse the erroneous exclusion of partnership and mitigation evidence, vacate the judgment on the breach of contract claim, and remand for a new trial because the exclusion of such evidence "likely tainted the jury's verdict." *Guerin v. Winston Indus., Inc.*, 316 F.3d 879, 885 (9th Cir. 2002). By excluding evidence that the brothers had operated the 12759 parcel as a partnership, the district court effectively prevented Michael and Renate from raising any of their defenses except waiver. Although the jury found that Michael and Renate breached their contract to reimburse half the balance of the Westamerica loan, "the district court seems to have preordained that result by preventing [Michael and Renate] from providing the jury with an alternate explanation." *Id.* Specifically, Michael and Renate could not make

their case that the loan was a partnership loan, that Timothy breached his fiduciary duties by depositing partnership funds into a personal account, and that Timothy and Margie failed to apply partnership funds to the outstanding debt. "Thus, we conclude that the exclusion of this evidence tainted the verdict and was an abuse of discretion." *Id.*

## III

AFFIRMED in part, REVERSED in part, and REMANDED for proceedings consistent with this disposition.